2   347
39ap168

WILLIAM B. WHEELER, RESPONDENT, v. WALTER BRADY, APPELLANT.

*Order of arrest — within what time motion to vacate, must be made — leave to renew motion, does not extend time.*

Within twenty days after the entry of judgment in this action, an order was made, denying defendant's motion to vacate an order of arrest granted therein, but allowing defendant to renew the motion. After the expiration of the twenty days, the defendant renewed the motion, which was denied. *Held*, that the first order did not operate to extend the time to apply to vacate the order of arrest, and that the second application, being made after the expiration of the time prescribed by the Code, was properly denied.

Appeal from orders denying motions made to vacate an order of arrest.

This action was brought on a promissory note for $2,000, and an inquest was taken therein on the 12th of June, 1874. On the nineteenth day of June, the plaintiff procured an order of arrest, on the ground that the defendant had disposed of his property with intent to defraud his creditors. The defendant was arrested on the 20th of June, 1874, and, on the twenty-fourth, judgment was entered in favor of the plaintiff. On the eighth of July, an order was made denying a motion on behalf of the defendant to vacate the order of arrest, with leave to the defendant to renew the motion. Under the leave granted, the defendant, on the thirtieth of July, renewed his motion on further papers. This motion was heard on the third of August and denied. It was reargued and again denied on the seventeenth of August. From this last order and the order of July eighth, the defendant appealed.

*J. Langdon Ward*, for the appellant.

*Ely & Smith*, for the respondent.

Daniels, J. :

The order to show cause, under which the last motion was made to discharge the defendant from arrest, was neither made nor served until long after the expiration of twenty days from the time when the judgment in the action was entered. It consequently was not made within the time prescribed by the Code of Procedure.* The appellant claimed that the order allowing the motion to be renewed, extended the time, within which, by the provision referred to, it was required to be made. But as the order was made before that time had expired, and contained nothing whatever, indicating it to be the purpose of the court to extend that time, this position cannot be sustained. The second motion was very properly denied on that ground, even if the additional affidavits, if they had been presented in time, made out a case requiring the discharge of the order of arrest. The papers before the court on the first motion, showed that the defendant was actually insolvent; and when he

* § 183.

had reason to expect that some of his creditors' demands would soon be in judgment against him, he conveyed away the only property which he had at that time, that could even be supposed to be worth something over the incumbrances upon it, to his daughter and his attorney. The time and manner of the conveyances, and the persons to whom they were made, together with the defendant's insolvency, were sufficient to justify the conclusion deduced by the Special Term, that the intent prompting them on the part of the grantor, was to place what little property he had, out of the reach of any judgments which might be recovered against him. That intent, when it clearly exists, is not ordinarily avowed by the debtor; on the contrary, his endeavor is to obscure and conceal the evidences of its existence; and, when it is discovered, the most that can be expected, is, that it may fairly and reasonably be inferred from the circumstances attending the disposition of the debtor's property. The conclusion that it did exist, was sufficiently warranted by the affidavits presented in this case.

The orders should be affirmed, with ten dollars costs in each appeal, besides disbursements.

Davis, P. J., concurred.

Ordered accordingly.